**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                CHAPTER 7

    JUDY A. NELSEN  &                          CASE NUMBER:  19-10608-ref

    DONALD E. NELSEN

        DEBTOR(S)


    KEYBANK, N.A.,

        MOVANT

---

**DEBTORS' OBJECTION TO MOVANTS MOTION FOR RELIEF FROM**
**AUTOMATIC STAY**

Now come Debtors, Judy and Donald Nelsen and for their objection to movant, Key Bank's Motion for Relief from the Automatic Stay through their undersigned counsel, say as follows:

1. Debtors filed their petition in bankruptcy on January 31, 2019.
2. Debtors have elected to surrender the collateral for the loan referenced in Movants Motion, namely a certain 2014 Kia Sportage.  The collateral is and has been available for repossession by Movant at the Debtor's premises at all times relevant hereto.
3. Debtors are elderly and Mr. Nelsen has suffered a debilitating stroke and is infirm as a result.  Their income is limited largely to social security benefits and a pension.
4. Movant has requested in its Motion, proposed Order and the accompanying papers a variety of remedies in addition to a relief from stay as to such collateral under 11 USC 362(d), including:
    a. The right to collect the arrears on such loan, claimed to be $3,654.12
    b. The right to file a claim for any deficiency balance remaining on the seizure and sale of the collateral.
    c. A limitation upon the surrender to the value of the collateral.

    d. The ability to conduct discovery as to the amount sand dates of missed payments on the subject loan and to obtain documents relating thereto from Debtors. [See docs ##17 and 18], and,

    e. Termination of the Automatic Stay pursuant to Section 362(a)(1) of the Code

5. Movant's requests, which are largely grounded in state law based on extra-bankruptcy contractual rights, are overreaching and in themselves pose violations of the automatic stay in bankruptcy and the protections it affords debtors against enforcement actions.  c.f. 11 USC 382 (a) (1) and (2).  A key purpose of surrendering a vehicle on bankruptcy is to permit the debtors to discharge deficiency balances and arrears thereupon. The creditor is relegated to its collateral.

6. "Adequate protection" is inapplicable when there is little or no diminution in value that cannot be prevented by prompt repossession of the collateral. (Had the collateral been picked up sooner, perhaps any losses could have been minimized.)

7. Section 362(a) does not permit of claims for damages such as Movant seeks to collect by virtue of its Motion nor can it be utilized to bootstrap it into a position to collect the same when they are otherwise disallowed by the Code.

8. Similarly, discovery as to claims which are not available to the creditor under bankruptcy law is inappropriate and constitute an exercise in debtor harassment.

9. Certainly, Movant has the right with Court approval to reclaim and to sell the collateral but the Order generated by this honorable Court must be limited to that right alone and should not permit it to pursue the monetary claims and discovery which it seeks to assert by virtue of this Motion.

WHEREFORE, Defendants pray that Movant's instant motion be denied and that any Order which this honorable Court may generate as to the surrendered collateral be limited to authorizing the Movant to reclaim and to sell the collateral and for such other relief as the Court shall deem just and proper.

Respectfully Submitted,

Date:  April 20, 2019

    Christopher Constantine Carr, Esquire
    PA Attorney #46249
    3240 Tyning Lane
    Downingtown, PA  19335

Phone:  610.380.7969
Fax:  888.503.3513
E-Mail:  cccarresq@aol.com